IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RALPH DALE ARMSTRONG,

                         Plaintiff,

      v.

JOHN I. NORSETTER, former Assistant Dane
County District Attorney; MARION G.
MORGAN, Madison Police Department
Detective; JOHN DOE #2, Madison WI
Police Officer; KAREN D. DAILY,
Wisconsin Crime Lab Analyst; DANIEL J.
CAMPBELL, Wisconsin Crime Lab Analyst;
JANE DOE #3,Wisconsin Crime Lab Analyst;
and  JANE DOE #4, Dane County Clerk of
Circuit Court Assistant,

                       Defendants.

ORDER

12-cv-426-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court is a motion filed by defendants John Norsetter, Karen D. Daily and Daniel J. Campbell for a protective order that no discovery be undertaken until the issue of qualified immunity has been decided, dkt. #79; a motion to stay all proceedings until the court of appeals has decided their appeal of the court's October 22, 2013 decision, dkt. #85 and #94, and a motion filed by plaintiff Ralph Dale Armstrong to certify a portion of the October 22, 2013 opinion and order for interlocutory appeal.  I will grant defendants' motions and deny plaintiff's.

      Although defendants' motions for interlocutory appeal may be premature at this stage

1

of the litigation, the law is clear that qualified immunity means immunity from suit, <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526-27 (1985). Thus, defendants should have a chance to persuade the court of appeals that they have qualified immunity. If they succeed, the suit against them cannot proceed.

No similar rule applies to plaintiff's motion for an interlocutory appeal. He has no entitlement to such an appeal. However, he maintains that he should be allowed to appeal this court's denial of his claim that defendant Norsetter and others violated his right to due process by introducing the testimony of an eyewitness whose memory had been tainted by hypnosis. He raised that argument during direct appeal of his criminal conviction, where it was rejected. <u>State v. Armstrong</u>, 110 Wis. 2d 555, 574-78, 329 N.W.2d 386, 396 (1983). <u>Allen v. McCurry</u>, 449 U.S. 90, 96 (1989), makes it clear that the claim cannot be reopened in a later proceeding, but is barred by the principles of res judicata, which apply to civil rights suits brought under 42 U.S.C. § 1983. Accordingly, I will deny plaintiff's motion for an interlocutory appeal.

ORDER

IT IS ORDERED that the motions of defendants John Norsetter, Karen Daily and Daniel Campbell for a protective order, dkt. #79, and for a stay of proceedings, dkt. #85, are GRANTED and the motion for an interlocutory appeal, dkt. #89, filed by plaintiff Ralph

Dale Armstrong is DENIED. The case is STAYED pending resolution of defendants' appeal.

Entered this 13th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge