IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RALPH DALE ARMSTRONG,

                        Plaintiff,

      v.

JOHN I. NORSETTER, MARION G. MORGAN
and KAREN D. DAILY,

                        Defendants.

ORDER

12-cv-426-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant John Norsetter has filed what he calls a motion for reconsideration of this court's July 29, 2016 opinion and order in which I denied Norsetter's motion for summary judgment on plaintiff Ralph Armstrong's claim that Norsetter destroyed potentially exculpatory evidence in a criminal case that Norsetter was investigating against plaintiff. Norsetter raised three arguments in his summary judgment motion: (1) plaintiff's claim was barred by the statute of limitations; (2) no reasonable jury could find that the evidence at issue had been destroyed before plaintiff's trial; and (3) no reasonable jury could find that Norsetter was personally involved in any decision to destroy the evidence. I rejected each of these arguments in the July 29 opinion.

      In his motion for reconsideration, defendant Norsetter raises a new argument, which is that plaintiff failed to adduce sufficient evidence that Norsetter acted in bad faith. I addressed this question in the July 29 opinion: "Norsetter does not argue that plaintiff is required to prove that Norsetter acted in bad faith, or, if that is a requirement, that plaintiff

has insufficient evidence to prove that Norsetter acted in bad faith, so I do not consider those questions." Dkt. #224 at 23. Norsetter does not argue that I erred in failing to consider whether he acted in bad faith. Rather, he asks the court to consider what he calls newly discovered evidence on this issue.

I am denying defendant Norsetter's motion. "A party may not introduce evidence or make arguments in a Rule 59 motion that could or should have been presented to the court prior to judgment." United States v. 47 West 644 Route 38, Maple Park, Illinois, 190 F.3d 781, 783 (7th Cir. 1999). See also Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.").

Defendant Norsetter attempts to blame plaintiff for his failure to include an argument on bad faith in his summary judgment motion. He says that it was not until a July 15, 2016 deposition that he learned that plaintiff did not have evidence of bad faith and that plaintiff previously had failed to provide helpful answers to interrogatories on this issue.

This is a curious argument. No one should be in a better position than defendant Norsetter himself to know whether he acted in bad faith, so it is odd to suggest that he needed to wait for plaintiff to present evidence on that issue before determining whether to raise the issue on summary judgment. Further, even if, as Norsetter argues, plaintiff was refusing to identify the evidence he had of Norsetter's bad faith, that should have been an obvious sign to Norsetter that the issue was amenable to resolution on summary judgment. After all, it is plaintiff's burden to prove the elements of his claim, not Norsetter's burden

to disprove them.  Alternatively, Norsetter could have filed a motion to compel discovery, but he chose not to do so.

In sum, defendant Norsetter has not provided persuasive grounds for allowing him to raise a new issue at this stage of the case.  He has failed to show that he was unable to raise the issue of bad faith sooner.  Accordingly, I am denying his motion for reconsideration.

## ORDER

IT IS ORDERED that defendant John Norsetter's motion for reconsideration, dkt. #238, is DENIED.

Entered this 5th day of August, 2016.

                                             BY THE COURT:  
                                             /s/  
                                             BARBARA B. CRABB  
                                             District Judge